UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WOODARD and <br> MARY B. WOODARD, <br><br> Plaintiffs, <br><br> v. <br><br> SAINT CHARLES COUNTY, MO, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:25-cv-01468-CMS <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

Husband-and-wife Plaintiffs Michael and Mary Woodard initiated this civil action in the United States District Court for the Western District of Missouri in September 2025. ECF No. 1. After finding that venue was improper in that Court, the Western District transferred the action to this Court. ECF No. 2. Based on a review of the filings in this action and because a non-attorney, self-represented litigant may not represent someone else in federal court, Plaintiff Mary Woodard will be struck from this matter.

Plaintiffs Michael and Mary Woodard brought this action against St. Charles County, Missouri, making various unrelated allegations including that they were put on trial without an attorney, they were improperly charged with trespass and felony property damage, that a tracer was improperly placed on their car, and that their child was taken from them based on false accusations. ECF No. 1-1. They seek money damages, the return of their child, and that various individuals be fined and/or jailed. *Id.* at 5.

The case was initiated with the filing of an 'Application for Leave to File Action without Payment of Fees,' signed by Plaintiff Michael Woodard (ECF No. 1 at 1), an 'Affidavit of Financial Status' in support of that Application, signed by Mary Woodard (ECF No. 1 at 7), and a

'Civil Complaint,' signed by Michael Woodard (ECF No. 1-1 at 6). However, although the Affidavit has Plaintiff Mary Woodard's name on the signature line, it appears to have been filed by Plaintiff Michael Woodard in that it appears to have been written in the same handwriting as the other documents, and it states the affiant's "Name of Spouse" as "Mary B. Woodard." ECF No. 1 at 2. In addition, the exhibits filed in support of the Complaint regarding the charges for trespass and property damage, only name Plaintiff Michael Woodard. ECF Nos. 1-2 at 1, 2, & 5; 1-3 at 1, 2, 3, & 4.

While federal law authorizes a person to plead and conduct his own case personally, *see* 28 U.S.C. § 1654, if he is not a licensed attorney, he may not represent other individuals in federal court. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties"); *Jones ex rel. Jones v. Correctional Medical Services, Inc.,* 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney … may not engage in the practice of law on behalf of others"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause … A person must be litigating an interest personal to him").

In this case, there is no evidence before the Court that Plaintiff Michael Woodard is a licensed attorney. In addition, it does not appear that Plaintiff Mary Woodard signed any of the pleadings. At a minimum, Plaintiff Mary Woodard did not sign the documents required to initiate a civil case: the motion to proceed without prepayment and the complaint. Therefore, because a non-attorney, self-represented litigant may not represent someone else in federal court, the Court will strike Plaintiff Mary Woodard from this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to **STRIKE** Plaintiff Mary B. Woodard from this action.

Dated this 9th day of February, 2026.

                                              CRISTIAN M. STEVENS
                                              UNITED STATES DISTRICT JUDGE