**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL WOODARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01468-CMS |
| | ) | |
| SAINT CHARLES COUNTY, MO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on a motion from self-represented Plaintiff Michael Woodard.  ECF No. 10.   For the reasons explained below, the motion will be denied.

### Case Background

Husband-and-wife Plaintiffs Michael and Mary Woodard initiated this civil action in the United States District Court for the Western District of Missouri in September 2025.   ECF No. 1. After finding that venue was improper in that Court, the Western District transferred the action to this Court.   ECF No. 2.   On January 21, 2026, the Court issued a Show Cause Order because mail sent to Plaintiff Michael Woodard was returned to the Court as undeliverable and no new address could be verified.  ECF No. 6.   On February 9, 2026, based on a review of the filings in this action and because a non-attorney, self-represented litigant may not represent someone else in federal court, Plaintiff Mary Woodard was struck from this action.   ECF No. 7.   On the same date, the case was dismissed for failure to respond to the Show Cause Order.   ECF No. 8.

### Plaintiff's Motion

Four (4) days after this case was dismissed, Plaintiff Michael Woodard filed a Notice of a change of address with the Court and a "Motion to file for extension."   ECF Nos. 9-10.   In his

Motion, Plaintiff states that he is seeking an extension for this case "due to be[ing] incarcerated by St. Charles County for a false charge against the Circuit Clerks daughter Carol Faria, the court clerks husband is Chris McDonough, who has also tried to take our son with false allegations involving Dfs worker Kristine Detmer."   ECF No. 10 at 1.   It appears that Plaintiff was confined in state court custody from December 20, 2025 until January 20, 2026, at which time, his cash-only bond amount was lowered, and he was able to bond out.   According to Plaintiff, this "is why [he] was unable to respond in the time frame allocated" in the Court's Order.   *Id.*

**Discussion**

The Court notes that the undeliverable mail was sent to Plaintiff Woodard on September 29, 2025, and returned to the Court on December 17, 2025.   ECF No. 5.   The Court then waited for the thirty (30) days allowed under Local Rule 2.06(B) for Plaintiff to inform the Court of his new address, and when nothing had been filed, issued a Show Cause Order on January 21, 2026. ECF No. 6.   Plaintiff was directed to respond within ten (10) days, or by February 2, 2026.   The Court gave Plaintiff an extra week to respond but when nothing had been filed by February 9, 2026, the case was dismissed.   ECF No. 8.

Plaintiff now informs the Court that he was incarcerated from December 20, 2025 to January 20, 2026, and that is why he could not respond to the Show Cause Order.   The mail was returned on December 17, 2025, before Plaintiff was incarcerated, and the Show Cause Order issued January 21, 2026, after Plaintiff was released on bond.   The Court does not see how Plaintiff's period of state-court incarceration affected his ability to keep the Court notified of his current mailing address and to respond to the Court's Show Cause Order in a timely manner.

This is a closed matter.   To the extent that Plaintiff seeks to reopen this case, his request is denied.   Plaintiff presents no grounds on which reopening of this matter would be appropriate.[1] Furthermore, Plaintiff's Complaint in this matter was brought against St. Charles County, Missouri, making various unrelated allegations concerning events which occurred in 2024 and 2025, including that Plaintiff was put on trial without an attorney, Plaintiff was improperly charged with trespass and felony property damage, that a tracer was improperly placed on his car, and that his child was taken from him based on false accusations.   ECF Nos. 1-1 to 1-6.   Based on an independent review of Court records, the Court notes that Plaintiff currently has an open, pending case in this Court against Defendant St. Charles County: *Woodard v. St. Charles County*, No. 4:26-cv-355-SPM (E.D. Mo. filed Mar. 10, 2026).[2]   In his Complaint in that matter, Plaintiff alleges that St. Charles County officers have been harassing him, that they put a tracer on his truck, that his child was improperly taken from him based on false accusations, and that the County has improperly brought criminal charges against him.   *Id.* at ECF No. 1.   Given Plaintiff's other pending action against the same Defendant and based on similar (if not the same) allegations, there is no reason why the Court should reopen this closed matter.   Finally, to the extent Plaintiff requests any other relief in his motion, it is denied.

Accordingly,

---

[1] Although no legal standard for reopening is argued, the Court finds that relief would be denied under both Federal Rule 59(e) (motion to alter or amend the judgment) and Rule 60(b) (relief from judgment for mistake or other reason).   Fed. R. Civ. P. 59(e), 60(b).

[2] The Court may take judicial notice of judicial opinions and public records.   *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

**IT IS HEREBY ORDERED** that Plaintiff Michael Woodard's motion for an extension in this closed case [ECF No. 10] is **DENIED**.

Dated this 27th day of May, 2026.

_____

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE